IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
ROANOKE DIVISION

| | |
|---|---|
| DANIEL TAYLOR, ) | |
|     Plaintiff, ) | Civil Action No. 7:19-cv-00866 |
| ) | |
| v. ) | |
| ) | By: Elizabeth K. Dillon |
| CARL MANIS, *et al.*, ) | United States District Judge |
|     Defendants. ) | |

## MEMORANDUM OPINION

Plaintiff Daniel Taylor, a Virginia inmate proceeding *pro se*, filed this action pursuant to 42 U.S.C. § 1983.  Pending before the court is a motion to dismiss filed by all the defendants who have been served in the case (defendants Carl Manis, Harold Clarke, Leslie Fleming, David Anderson, Q. Reynolds, J. Collins, J. Stallard, and H.A. Osborne).[1]  For the reasons set forth herein, the motion will be granted, and Taylor's complaint will be dismissed without prejudice.

I.    BACKGROUND

**A. Taylor's Amended Complaint and Court's Order Directing Filing of Second Amended Complaint**

Taylor filed an original complaint and, thereafter, filed an amended complaint (ECF No. 9).  In response, the eight defendants named in that amended complaint filed a motion for more definite statement, which the court granted.  In doing so, the court noted that "Taylor's amended complaint, although not lacking in detail, is confusing and unclear on a number of points and issues . . . ." (Order 1, Dkt. No. 17; *id.* at 2 (noting that "his claims are confusing and unclear as to exactly which housing assignments he is challenging and when they occurred").)  The court further noted that his amended complaint also listed "various instances of alleged misconduct

---

[1] The only other defendant, J. Ely, was named only in the second amended complaint and has not been served.  Nonetheless, for the same reasons that Taylor's claims against the moving defendants are subject to dismissal, the court also dismisses all claims against J. Ely.

that seem unrelated to those general claims," did not "specify which of these facts are offered in support of his claims," as opposed to background information," and described older incidents, the relevance of which was unclear. (*Id.* at 2.)

The court thus directed Taylor to file a second amended complaint, and instructed him as follows:

> Plaintiff's second amended complaint shall list each of his claims clearly and shall number them (Claim (or Count) 1, Claim (or Count 2, etc.). Taylor also must clearly identify which defendants are named as to each claim. Lastly, for each claim, his second amended complaint should list the specific facts that he offers in support of that claim, preferably in numbered paragraphs.

(Mem. Op. 2, Dkt. No. 17.)

## B.  Taylor's Second Amended Complaint

In response, Taylor filed a second amended complaint. (Dkt. No. 19.) That document names nine defendants, and the complaint form itself lists only one claim, which is described as "Fourteenth Amendment breach of contracts resulting in amendment injury." (2nd Am. Compl. 2, Dkt. No. 19.)[2] In a section labeled "introduction," Taylor says his claims are brought "under the Eighth and Fourteenth Amendment, to include breach of duty . . . of care creating a risk to inmate safety, Fourteenth Amendment breach of contract resulting in a violation of my due process." (*Id.* at 3.)

Within the factual section, Taylor lists facts under headings labeled "Paragraph One" through "Paragraph Four." Each such "paragraph" spans around two pages and contains a number of allegations. As with his prior complaint, many of his allegations are in a type of stream-of-consciousness writing, and he rarely provides dates of any specific events that

---

[2] The court utilizes the page numbers assigned by the CM/ECF system when referring to page numbers of Taylor's second amended complaint, Dkt. No. 19.

2

occurred—mentioning dates by month and year only a few times. Moreover, his factual allegations contain a number of what appear to be irrelevant allegations, or, at the very least, it is difficult to determine what allegations Taylor believes are relevant.

The court summarizes his allegations as best it can, omitting those seemingly unrelated to his overall claims. In general terms, his first "paragraph" discusses the STAR program, which he describes as a program for inmates who are eligible to leave a restrictive housing unit but refuse to return to general population. He alleges that he participated in the program from February 2016 until March 2019. He appears to allege that he should have been permitted to transfer in both 2016 and 2017 based on his security level and points.

His second paragraph, which references both a due process violation and an equal protection violation, focuses first on Counselor Osborne. Taylor again complains about not being transferred from the STAR program on unknown dates despite other people being transferred, and he believes Counselor Osborne "lied" to him and never "initiated a transfer" for him. (*Id.* at 7.) He also references other individuals, such as defendant Harold Clarke, the Director of the Virginia Department of Corrections, being "aware" of the problem, although he does not set forth any facts to support any assertion that Clarke knew about his situation.[3]

His third paragraph alleges that "administration" decided to place him in general population in Cell C605 on an unspecified date. It also describes various conversations he had

---

[3] To the extent that this paragraph is sufficiently unambiguous to constitute a "claim" against Osborne or Clarke, Taylor's allegations nonetheless fail to state a claim for which relief can be granted. Any due process claim based on these allegations fails because a prisoner has no constitutional right "to be housed in a particular institution, at a particular custody level, or in a particular portion or unit of a correctional institution." *Pevia v. Hogan*, 443 F. Supp. 3d 612, 634 (D. Md. 2020) (collecting authority). Nor does Taylor allege that his conditions in the STAR Program constituted an "atypical, significant deprivation," which can give rise to a liberty interest in certain circumstances, *see Sandin v. Conner*, 515 U.S. 472, 478–79 (1995). Similarly, any equal protection claim fails at the outset because Taylor does not describe or identify any similarly situated individuals (such as persons with the same security level) that were treated differently than he was, a threshold requirement. *See Veney v. Wyche*, 293 F.3d 726, 730 (4th Cir. 2002).

with certain defendants saying he wanted to be transferred out of the STAR program, but only to certain pods (the "book program" or the "honor pod"). (*Id.* at 8.)

His fourth paragraph claims that his cell assignment to C605 on an unspecified date was a "due process violation" "in and of itself." (*Id.* at 8.) He appears to be claiming that he was placed in a cell with an inmate with whom he was "incompatible" because of a 2007 incident. He also alleges that his clothing and his prior participation in the STAR program made him susceptible to violence and extortion at the hands of other inmates in general population.

In a paragraph he labels as "Conclusion," Taylor states that he was "assaulted physically and sexually by this individual," who he does not identify, nor does he identify the date this occurred. (*Id.* at 10.) He then references a separate assignment on some unspecified date to the C4 housing unit (which would not include C605) where he was put in a cell with a cellmate that the administration knew carried a weapon and was disruptive. He also references an "attack" that resulted in injury to both thighs from "bite marks," (*id.*), but based on allegations in his amended complaint, it appears that the attack that resulted in the bite marks occurred in Cell A207, also on some unspecified date and perhaps before his entrance into the STAR program, although that is unclear. (*See* Am. Compl. 9, Dkt. No. 19.)[4]

## II. DISCUSSION

A complaint is deficient if it does not give defendants "fair notice" of the claims against them "and the grounds upon which [they] rest[]." *Bell Atl. Corp. v. Twombly*, 550 U.S. 554, 555 (2007). Here, the court identified deficiencies in his amended complaint and gave Taylor specific instructions about how to set forth his claims in his second amended complaint. Despite

---

[4] Taylor also seems to be claiming that some of the decisions made about his housing were made because he filed informal complaint forms, although he does not provide specifics about how the two are related, who made the housing decisions, or when. (*See* 2nd Am. Compl. at 10.) He has not expressly pled a retaliation claim.

this, Taylor did not delineate specific claims in his second amended complaint, nor did he clearly specify which claims are being brought against which defendants. The second amended complaint also fails to identify clearly what facts are offered in support of what claims. *Cf.* Fed. R. Civ. P. 10(b) (requiring a party to state its claims "in numbered paragraphs, each limited as far as practicable to a single set of circumstances"). Moreover, the document fails to provide dates for many of the facts referenced and offers very few facts about what each specific defendant is alleged to have done that Taylor believes violated his constitutional rights.

In short, many of the same facts that appeared in his amended complaint are also within the second amended complaint, but Taylor has wholly failed to abide by the court's instructions as to how his second amended complaint must present his claims. Instead, it still suffers from the same ambiguities as his amended complaint. As defendants contend, they "cannot discern from Taylor's allegations how he claims to have been injured or the manner in which they are alleged to be at fault." (Mem. Supp. Mot. Dismiss 5, Dkt. No. 22.) The court, too, understands that Taylor is generally complaining about his housing assignments, the failure to transfer him from the STAR program, and the failure to transfer him to appropriate pods or cells, but the lack of specific facts as to which defendant did what, and when, as well as what claims he believes stem from those actions, makes it impossible to determine his precise claims.

In light of these deficiencies and Taylor's failure to comply with the court's directions, the court concludes that Taylor's claims are subject to dismissal. *See Shallal v. Gates*, 254 F.R.D. 140, 142 (D.D.C. 2008) (explaining that in response to being required to file a more definite statement, "at a very minimum the plaintiff must cure the defects that rendered the original complaint 'vague and ambiguous'"); *TSC Research, LLC v. Bayer Chems. Corp.*, 552 F. Supp. 2d 534, 545 (M.D.N.C. 2007) (granting motion to dismiss fraud claim where the more definite statement submitted by plaintiff did not cure the defects in the prior complaint); *see also*

5

Fed. R. Civ. P. 12(e) ("If the court orders a more definite statement and the order is not obeyed . . . within the time the court sets, the court may strike the pleading or issue any other appropriate order."); *Porter v. AMS Servicing, LLC*, No. RWT 10CV3252, 2011 WL 673780, at *2 (D. Md. Feb. 16, 2011) (granting a motion for more definite statement and explaining that if a plaintiff fails to cure the defects, the amended complaint may be subject to dismissal under Fed. R. Civ. P. 12(b)(6)).

The court recognizes that Taylor's *opposition* to the motion to dismiss provides some clarification as to which defendants are named as to which claims, and he attempts to specify the basis for the claims against them. (*See generally* Opp'n to Mot. Dism, Dkt. No. 26.) He also attaches a number of documents that, simply by virtue of the fact that they are dated, provide some additional context and dates about the events presumably underlying his claims. Importantly, though, a plaintiff may not amend his complaint through briefing on a motion to dismiss. *See S. Walk at Broadlands Homeowner's Ass'n v. OpenBand at Broadlands, LLC*, 713 F.3d 175, 184–85 (4th Cir. 2013).[5] In short, although his opposition provides some additional clarification or context for his claims, it does not change the fact that his complaint, on its face, is confusing and fails to put defendants on notice of what claims are alleged against each of them or when the relevant facts underlying them occurred. Moreover, Taylor already has been given an opportunity to cure these deficiencies and he failed to do so. Thus, dismissal of his complaint is appropriate. *See Shallal*, 254 F.R.D. at 142; *Porter* 2011 WL 673780, at *2. The court will dismiss the second amended complaint without prejudice.

---

[5] This court has advised Taylor of this rule previously. *E.g.*, *Taylor v. Fleming*, No. 7:17-CV-00099, 2020 WL 6703324, at *1 n.1. (W.D. Va. Nov. 13, 2020), *aff'd,* 851 F. App'x 405 (4th Cir. 2021).

## III.  CONCLUSION

For the foregoing reasons, the court will grant defendants' motion to dismiss and will dismiss without prejudice Taylor's complaint in its entirety.  An appropriate order will be entered.

Entered: September 9, 2021.

*/s/ Elizabeth K. Dillon*
Elizabeth K. Dillon
United States District Judge